UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REBECCA RODRIGUEZ,

    Plaintiff,

v.                                 Case No: 2:14-cv-14-FtM-29DNF

DIGESTIVE HEALTH PHYSICIANS,
P.L, a Florida limited
liability corporation and
GULF COAST ENDOSCOPY CENTER,
a Florida corporation,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant Gulf Coast Endoscopy Center's Motion to Dismiss Plaintiff's Complaint (Doc. #16) filed on February 4, 2014. Plaintiff filed a Response (Doc. #24) on February 18, 2014. For the reasons set forth below, the motion is denied.

**I.**

Plaintiff Rebecca Rodriguez initiated this action against defendants Digestive Health Physicians, P.L. (Digestive Health) and Gulf Coast Endoscopy Center (Gulf Coast) under the Family and Medical Leave Act (FMLA). Plaintiff alleges that defendants denied her requests for leave to attend necessary medical appointments associated with her high-risk pregnancy. Plaintiff also requested FMLA paperwork from her supervisor, but none was provided. When

plaintiff informed defendants that she would have to leave their employ due to their interference with her FMLA rights, she was immediately terminated.

Gulf Coast contends that the Complaint should be dismissed because plaintiff has failed to plausibly allege that it is an employer under the FMLA.  Gulf Coast also asserts that the Complaint should be dismissed for lack of subject matter jurisdiction because plaintiff was never employed by Gulf Coast and Gulf Coast has never employed more than 50 employees within a 75 mile radius of its facility.  The Court will address subject matter jurisdiction first.

**II.**

In order to maintain an action under the FMLA, plaintiff must allege and ultimately prove that defendant qualifies as an "employer."  See 29 U.S.C. § 2617(a)(2) ("An action to recover the damages or equitable relied prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees . . . .").  Gulf Coast seeks dismissal of plaintiff's claims under the FMLA because plaintiff was never employed by Gulf Coast and Gulf Coast has never employed more than 50 employees within a 75 mile radius of its facility.

2

As a jurisdictional matter, defendant's argument fails. While being an "employer" is certainly an element of a FLMA claim, it is not a jurisdictional requirement.  Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (employer status under Title VII claim is an element of cause of action, not a jurisdictional requirement). The Court finds this intervening Supreme Court authority to be controlling.  Morrison v. Amway Corp., 323 F.3d 920 (11th Cir. 2003) was premised on cases holding that employer status under a Title VII claim was jurisdictional, a position refuted by Arbaugh. There is no indication that Congress intended the "employer" requirement to have jurisdictional significance in an FMLA case but not a Title VII claim.  See Chao v. Oasis, Inc., 493 F.3d 26, 33 (1st Cir. 2007); Rodriguez v. Diego's Restaurant, Inc., 619 F. Supp. 2d 1345, 1349-53 (S.D. Fla. 2009).

The failure to state a claim normally is not a basis to dismiss for lack of jurisdiction unless the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 358 U.S. 661, 666 (1974)).  That is clearly not the situation with this complaint. Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

**III.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely

4

consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Gulf Coast asserts that the Complaint simply includes a formulaic recitation of the FMLA's definition of an employer, and therefore the case should be dismissed for failure to state a claim upon which relief can be granted. The Court disagrees. In the Complaint, plaintiff alleges that Digestive Health and Gulf Coast were each an employer covered by the FMLA. Plaintiff alleges that "Defendants were an employer covered by the FMLA because they were engaged in commerce or in an industry affecting commerce who employed 50 or more employees for each working day during each of 20 or more workweeks during the relevant periods of time." (Doc. #1, ¶ 8.) Plaintiff also alleges that defendants were an integrated employer and a joint employer for purposes of the FMLA. (See Doc. #1, ¶¶ 9-10.) The Court finds that there are sufficient factual allegations to plausibly allege that Digestive Health and Gulf Coast were employers under the FMLA. Therefore, the motion to dismiss for failure to state a claim is denied.

Accordingly, it is now

**ORDERED:**

Defendant Gulf Coast Endoscopy Center's Motion to Dismiss Plaintiff's Complaint (Doc. #16) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of April, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record